[No. 222-2.    Division Two.    February 17, 1971.]

THE STATE OF WASHINGTON, *Respondent*, v. WILBUR DEAN THARP, *Appellant.*

*Tanner & Burgess* and *Jack E. Tanner*, for appellant.

*Ronald L. Hendry, Prosecuting Attorney, Joseph D. Mladinov, Special Counsel,* and *Eugene G. Olson, Chief Criminal Deputy,* for respondent.

PER CURIAM.—The defendant-appellant in this case was charged with negligent homicide and with leaving the scene of an accident in violation of RCW 46.52.020.[1] After

---

[1]"Duty in case of injury to or death of person or damage to attended vehicle. (1) A driver of any vehicle involved in an accident resulting in the injury to or death of any person shall immediately stop such vehicle at the scene of such accident or as close thereto as possible but

a jury trial, at which defendant objected to the application of RCW 46.52.020 on the ground that it compelled him to incriminate himself, and so was contrary to the commands of the fifth and fourteenth amendments to the federal constitution and article 1, section 9 of the Washington State Constitution, defendant was convicted of hit-and-run but was acquitted of the negligent homicide charge. This appeal raises the sole question of whether statute RCW 46-.52.020, as applied in this case, violates defendant's rights to be free of compulsion to incriminate himself.

In this case, we do not believe it necessary to reach the constitutional question raised and so we will not do so.

shall then forthwith return to, and in every event remain at, the scene of such accident until he has fulfilled the requirements of subdivision (3) of this section;

"(2) The driver of any vehicle involved in an accident resulting only in damage to a vehicle which is driven or attended by any person shall immediately stop such vehicle at the scene of such accident or as close thereto as possible and shall forthwith return to, and in any event shall remain at, the scene of such accident until he has fulfilled the requirements of subdivision (3) of this section;

"(3) The driver of any vehicle involved in an accident resulting in injury to or death of any person or damage to any vehicle which is driven or attended by any person shall give his name, address and vehicle license number and shall exhibit his vehicle driver's license to any person struck or injured or the driver or any occupant of, or any person attending, any such vehicle collided with and shall render to any person injured in such accident reasonable assistance, including the carrying or the making of arrangements for the carrying of such person to a physician or hospital for medical treatment if it is apparent that such treatment is necessary or if such carrying is requested by the injured person or on his behalf. Under no circumstances shall the rendering of assistance or other compliance with the provisions of this subsection be evidence of the liability of any driver for such accident;

"(4) Any person failing to stop or to comply with any of the requirements of subdivision (3) of this section under said circumstances shall, upon conviction, be punished by imprisonment for not less than thirty days nor more than one year or by a fine of not less than one hundred dollars nor more than five hundred dollars, or by both such fine and imprisonment: *Provided,* That this provision shall not apply to any person injured or incapacitated by such accident to the extent of being physically incapable of complying herewith;

"(5) Upon notice of conviction of any person under the provisions of this section, the vehicle driver's license of the person so convicted shall be revoked by the director."

*Ashwander v. Tennessee Valley Authority,* 297 U.S. 288, 80 L. Ed. 688, 56 S. Ct. 466 (1936) (concurring opinion of Brandeis, J.). No contention is made that the legislature lacks authority to make the act of leaving the scene of an accident a criminal act. In this case, the defendant was convicted of that offense, but was acquitted of the other charge filed against him arising out of this occurrence. Thus, assuming without deciding that defendant is correct in his contention, no prejudice occurred to defendant as a result of the procedure in this case. *State v. Ferguson,* 3 Wn. App. 898, 479 P.2d 114 (1970). We will reserve decision on defendant's contention until it is directly presented to us.

No other error is assigned in this appeal. The conviction of violation of RCW 45.52.020 must stand.

Affirmed.

Petition for rehearing denied March 29, 1971.

Review denied by Supreme Court May 6, 1971.